McIlvaine, J.
1. The demurrer to the amended petition was properly overruled. The facts stated in the petition were sufficient to constitute a cause of action.
2. In order to understand certain objections made to the charge to the jury, it is necessary to state the tendency of a portion of the testimony. The defendant’s railroad crossed a common highway, near Loudenville station, at the place where the plaintiff received his injuries. At the point of intersection, and within the lines of both roads, were pilés of manure, which had been deposited there from the stock cars of the defendant by one of its brakemen for his own use. It was claimed that these piles of manure obstructed the highway, and contributed to the injuries of the plaintiff. Testimony had been offered tending to prove that the brakeman, at the time and in the act of placing the manure upon the road, was not acting within the scope of his employment as brakeman, but was acting for himself, and without the authority of the defendant.
In view of this state of the case, the court instructed the jury as follows: “If the act of the agent placing such obstruction was. not within the scope of his employment and duty as agent of the defendant, the defendant would not be liable for any accident resulting from the same, unless the said obstruction had remained on said crossing after a knowledge of the same had been brought home to the agents of the company at that station, and said agents had neglected or refused to remove the same, and on account of such neglect and refusal said accident occurred.”
The general rule as stated to the jury is correct, but we are of opinion that thei’e is error in the qualification as given by the court.
A corporation owning and operating a railroad which *428 •crosses a common highway, connot be held liable for the consequences of obstructions placed on the highway by a •stranger, although the place obstructed is common to both roads, and the agents of the corporation neglect and refuse to remove the obstructions after knowledge of their existence, unless such liability arises under the provisions of the 13th or 18th sections of the act of February 13, 1853, relating to roads and highways. (S. & C. 1310 & 1311.)
Section 13 creates a liability only against the person or •corporation that obstructs the highway, &c. But the case put in the charge excludes the idea that the defendant, or any •of its authorised agents, caused the obstructions named. Nor can the qualification be sustained by the provisions of the 18th section, for the reason that the wrong intended to be provided against by that section is the unnecessary obstruction of a highway by any person or corporation permitting any property or thing over which such person or ■corporation has some cause or control, to remain on the road to the hindrance, &c., of the public, &e.
This manure was not under the care or control of the defendants or its agents, but was waste and abandoned material in which the defendant claimed no interest, and over which it exercised no dominion. And although it may have been an obstruction to the highway, the defendant was under no obligation to remove it, and was not, therefore, liable under this section for permitting it to remain on the road. The fact that it was thrown from the defendant’s stock cars, is not enough to make defendant liable, unless it be also shown that it was placed on the highway by some of its agents acting within the scope of their employment.
It is also claimed that the court erred in giving the following instruction to the j ury, viz.: “ As I had occasion to remark to most of you in a case that was tided at this term of the court, that while the right and privilege is granted to a railroad company, and belongs to them, to use and enjoy their property, rights and franchises in such manner as to them might appear best suitable to promote their -own interests, yet their rights must be so exercised and en *429 joyed as not to interfere with or encroach upon the rights of others. The public have the right to the use and enjoyment of the highways for the purposes of locomotion, and for the use of teams and conveyances, free and unmolested» The law has provided that railroad companies may also have the use of public highways in the construction of railroads at places where it becomes necessary to cross the same, but. it is coupled with a condition, imposed by statute, that said-corporations shall place such road in such condition as not to impair its former usefulness. And it follows, as a natural consequence of such a requirement, that these corporations shall keep such road in such a condition as not to impair its former usefulness.”
"We think this charge was calculated to mislead the jury.. The right of a railroad corporation to use its road at the place of crossing a highway is not subordinate to the right, of the public to use the highway. In case of an apparent, conflict or interference between their respective rights, each, must defer to the other, in its reasonable use of the crossing ; or, in other words, each must exercise reasonable care-not to interfere unnecessarily with the use of the road by the other. And what amounts to reasonable care in such a case-depends on all the circumstances, including the nature of the use for which the roads were respectively designed.
In the case of B. & I. R. R. Co. v. Schruyhart, 10 Ohio St. 116, the court below had charged the jury that the railroad company “had a perfect right to carry a head-light on its train by day or night, if it claimed to do so ; and that, it was no doubt its duty to carry such light at night; but that the carrying of a light, like every other act of the-company, in the exercise of its functions, must not interfere with the rights, nor endanger the property of others.” And, upon review, this court held the charge to be erroneous, because the right or duty of a railroad company to carry a. head-light did not “ depend upon the fact of its not interfering with the rights or endangering the property of others.”
Nor do we think that section 33 of the act of May 1,. *430 1852 (S. & C. 279), or any other rule of law, imposes upon a railroad company, constructing its road across a public highway, conditions and obligations to the full extent stated by the court, if we rightly understand the charge. That section reads as follows : “ It shall be lawful for such corporation, whenever it may be necessary, in constructing such road, to cross any road or stream of water, to divert the same from its present location or bed ; but said corporation shall, without unnecessary delay, place such road or stream in such condition as not to impair its former usefulness.” Now, clearly the duty of placing the road diverted in such condition as not to impair its former usefulness, is imposed upon the company; and if it fail or unnecessarily delay to do so, no doubt it becomes liable for any injury resulting from such failure or delay. But the failure to perform this duty is not a condition upon which the right of the company to make the crossing, or to operate its road, depends. Nor does the failure of the company to restore the highway increase the degree of care required of it in operating its road. Nor is there any duty imposed, by this statute, upon the company to keep the highway in repair, after it has been placed in such condition as not to impair its former usefulness.
If, however, after such highway has been fully restored, such company wrongfully encroaches upon or impairs it, so as to render it less useful or safe, the company will be held liable for damages resulting to any person injured in consequence of such wrongful encroachment or impairment.
Several other questions have been raised upon the record in this case, and fully discussed, but it is not necessary that they should be considered in this opinion.
For reasons above indicated, the judgment of the court of common pleas will be reversed, and cause remanded for further proceedings.
Judgment reversed.
Welch, C. J., and White, Day and West, JJ., concurred.